## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **FEDOTOFF,** *et al.*, | : | **Case No. 1:07cv3796** |
| | : | |
| **Plaintiffs,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **AMERICAN TESTING CO.,** *et al.*, | : | |
| | : | **ORDER** |
| | : | |
| **Defendants.** | : | |

On December 12, 2007 the Defendants filed a notice of removal from the Cuyahoga County Court of Common Pleas.   (Doc. 1).  On December 13, 2007, the Plaintiffs filed a Motion for Temporary Restraining Order and Injunctive Relief to Preserve Assets and Prevent Fraudulent Transfer (Doc. 6).  Today, December 14, 2007, the Plaintiffs filed  a Motion to Remand; Motion for Fees and Expenses (Doc. 7).

The Court held an on-the-record telephone status hearing today regarding the above motions. For the reasons stated on the record, some of which are memorialized herein, the Court made the following rulings:

(1)     The Plaintiffs' *Motion to Remand* (Doc. 7) is **GRANTED**;

(2)      The Plaintiffs' *Motion for Fees and Expenses* (Doc. 7) is **DENIED**;

(3)     The Plaintiffs' *Motion for Temporary Restraining Order . . .* (Doc. 6) is **DENIED** as moot because the Court does not have jurisdiction to address it.  As necessary, it may be re-filed in the state court action.

## I.      THE PLAINTIFFS' MOTION FOR REMAND

In addition to, and in further explanation of, the reasons stated on the record, remand is appropriate in this case because the Plaintiffs have not asserted a federal claim, which was the sole basis for the Defendants' removal.  To the extent that the Plaintiffs' trial brief appears to assert a claim for liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 216(b), the Plaintiffs have stipulated on the record that they are not asserting any federal claims or seeking any relief that is exclusively available under federal law.  In other words, the Plaintiffs agree that all of their claims arise under Ohio law, including any liquidated damages claim that has been or may be asserted.  In light of this stipulation, this Court does not have federal question jurisdiction and remand is appropriate.

## II.     THE PLAINTIFFS' MOTION FOR FEES AND EXPENSES

The Plaintiffs request attorneys fees and expenses incurred in pursuing this remand. (Doc. 7.)  Fees and expenses are appropriate when removal is not fairly supported by applicable law.  *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456-57 (6th Cir. 1996).  As stated on the record, the Defendants interpreted Ohio case law, specifically *Borda v. Sandusky Ltd.*, 166 Ohio App. 3d 318, 325 (Ohio App. 2006), as justifying removal in this case.  Because the Defendants' reading of *Borda* was not an unreasonable interpretation of applicable law under the circumstances, fees and expenses are not appropriate here.

## III.    THE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

In light of the Plaintiffs' stipulation, which clarifies that no federal claims are asserted, the Court does not have jurisdiction.  As such, the Court cannot address the Plaintiffs' *Motion for*

2

*Temporary Restraining Order . . . .* The state court is the proper forum for the Plaintiffs to present their request.

## IV.     CONCLUSION

For the reasons stated on the record of today's status hearing, as well as the reasons set forth herein, the Court rules as follows: The Plaintiffs' *Motion for Remand* (Doc. 7) is **GRANTED**.   The Plaintiffs' *Motion for Fees and Expenses* (Doc. 7) is **DENIED**.   Because the Court lacks jurisdiction, the Plaintiffs' *Motion for Temporary Restraining Order and Injunctive Relief to Preserve Assets and Prevent Fraudulent Transfer* (Doc. 6) is **DENIED as moot**. Accordingly, this case is remanded to the state court.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: December 14, 2007**

3